IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 13, 2022

**STATE OF TENNESSEE v. NICHOLAS J. WALDEN**

**Appeal from the Criminal Court for Wilson County**
**No. 17-CR-9, 20-CR-458   Brody N. Kane, Judge**

_____

**No. M2022-00255-CCA-R3-CD**

_____

Defendant, Nicholas J. Walden, appeals the trial court's order revoking his probationary sentence for theft of property valued between $1,000 and $10,000 and ordering him to serve his original four-year sentence in confinement.  Following our *de novo* review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., joined.  CAMILLE R. MCMULLEN, J., concurring in results only.

Jessica F. Butler, Assistant Public Defender, Tennessee District Public Defenders Conference (on appeal) and Shelley T. Gardner, District Public Defender, and Aaron M. Rochelle, Assistant Public Defender (at trial), for the appellant, Nicholas Walden.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Jason L. Lawson, District Attorney General; and Justin G. Harris, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

Defendant pled guilty on November 21, 2017, to theft of property valued between $1,000 and $10,000 in Case No. 17-CR-9 ("felony case") and was sentenced to four years, suspended to probation, to be served consecutively to an unrelated sentence he was serving in Fentress County that was set to expire on June 26, 2019.  On January 13, 2021,

Defendant pled guilty in Case No. 20-CR-458 ("misdemeanor case") to simple possession of methamphetamine and was sentenced to eleven months, twenty-nine days, suspended to probation after service of thirty days in jail.[1]

Defendant's first violation of probation warrant was issued in his misdemeanor case on March 8, 2021, based on allegations that Defendant had violated the terms of his probation by failing to report to his probation officer, failing to pay supervision fees, and failing to pay court costs. Defendant appeared before the trial court, and following a hearing, the court entered an order finding Defendant in violation of his probation and ordering him to serve ninety days in confinement, then reinstated to probation.

On July 2, 2021, a second violation of probation warrant was issued in Defendant's misdemeanor case based on allegations that Defendant had violated the terms of his probation by failing to report to his probation officer, failing to pay supervision fees, and failing to pay court costs. The warrant was amended on July 20, 2021, to include Defendant's arrest on July 11, 2021, for criminal impersonation. Defendant appeared before the trial court, and following a hearing, the court entered an order finding Defendant in violation of his probation and ordering him to serve thirty days in confinement, then reinstated to probation. The special conditions section of the order included weekly reporting and drug screenings as additional supervision.

On August 31, 2021, a first probation violation warrant was issued in Defendant's felony case alleging that he violated his felony probation by being cited in Davidson County for possession of methamphetamine and drug paraphernalia on March 5, 2021, being subsequently arrested for those charges on August 5, 2021, and failing to report the arrest to his probation officer.

On October 8, 2021, a third probation violation warrant was issued in Defendant's misdemeanor case based on allegations that Defendant violated the terms of his probation by absconding,[2] despite his probation officer's attempts to reach him by phone and letter, and that Defendant had unpaid supervision fees and court costs.

A probation revocation hearing for both cases was held on January 31, 2022. At the hearing, the trial court reviewed Defendant's probation history and noted that it was the third violation in his misdemeanor case. The court further pointed out to Defendant, "[Y]ou were told last chance in May of [20]21." Defendant told the trial court that he failed to report to his misdemeanor probation officer because his father passed away. He said

---

[1] Probation Officer Thomas Langdon supervised Defendant's felony probation in Case No. 17-CR-9, and Probation Officer Michelle Allison supervised his misdemeanor probation in Case No. 20-CR-458.

[2] There was also an absconding warrant submitted by Officer Langdon in Defendant's felony probation case, but as discussed below, the warrant was apparently not signed by the trial judge or served on Defendant and therefore, was not properly before the court. *See* T.C.A. § 40-35-311 (a)(1), (A) and (2).

that the new charges that he incurred in Davidson County, which served as the basis for his probation violation in his felony case, had been dismissed.

When the trial court asked how the State learned of the new charges, Defendant's felony probation officer, Thomas Langdon, testified:

> We typically do arrest checks every three months at the supervision level that he was on, and he just popped up on the Criminal Court Clerk website in Nashville. I had also put through a probation violation for absconding that I have a copy, but it's not signed, so I don't know if it was ever served or not. But the, what you have from [the] State is an amended, but I had submitted an absconding warrant a few days before the new charges.

The trial court then noted that from its perspective, the absconding warrant did not exist. Defendant again told the trial court that the Davidson County cases had been dismissed due to his participation and completion of the drug court program. He testified that he failed to report to his misdemeanor probation officer, Michelle Allison, because he did not understand that he was supposed to report to both her and Officer Langdon.

Officer Langdon did not have a copy of Defendant's citation for possession of methamphetamine and drug paraphernalia in Davidson County. He testified that it was citation number 1111802. The State told the trial court that Defendant had been convicted in that case on November 9, 2021, and that the charges had not been dismissed. The State further noted: "I can show the court. I mean, I can show you."[3]

The following exchange then took place between the trial court and Defendant:

> THE COURT: [Defendant], I asked you the specific questions. First you said, when we first started, you said all those things were dismissed. And I, after we heard from this gentleman, I went, and you said, I said, [w]as the meth, misdemeanor possession of meth was dismissed? And you said, Yes. And that's when I said was it part of your drug court program?
>
> [DEFENDANT:]  Drug court program.
>
> THE COURT:  It wasn't dismissed.

---

[3] The State did not introduce any further proof at the hearing concerning the disposition of the charges for citation number 1111802.

[DEFENDANT]:      I mean, I don't know what that says.  I don't,
I don't, you can –

THE COURT:  I'm revoking you to serve.  You don't know the truth if it bit you in the face.  This is, I'd already told you last chance anyway.

On appeal, Defendant challenges the revocation of his probation and four-year sentence to serve in his felony case.

## Analysis

On appeal, Defendant contends the trial court abused its discretion by revoking his probation in his felony case and placing his original four-year sentence into effect because it was his first technical violation and that the trial court failed to make "sufficient findings regarding either the existence of a specific violation or the appropriate consequences for the violation."  The State contends the trial court acted within its discretion in revoking Defendant's probation and ordering him to serve his sentence in confinement because the record contains admissions about Defendant's arrest for simple possession of methamphetamine and his failure to report the arrest to his felony probation officer.

Trial courts possess the authority to revoke probation upon finding by a preponderance of the evidence that a defendant has violated the conditions of probation. *See* T.C.A. §§ 40-35-310(a), -311(e)(1) (2021).[4]  Upon finding that a defendant has violated probation, the trial court may: (1) order incarceration for some period of time; (2) cause execution of the sentence as it was originally entered; (3) extend the defendant's probationary period not exceeding one year; (4) return the defendant to probation on appropriate modified conditions; or (5) resentence the defendant for remainder of the unexpired term to a sentence of probation.  *See* T.C.A. §§ 40-35-308(c)(1), (2); -310; -311(e)(1), (2) (2021).

The probation statute provides for two categories of probation violations, technical and non-technical, with differing penalties for both.  A non-technical violation allows the trial court to revoke probation and order a defendant to serve his or her sentence when the court finds "by a preponderance of the evidence that the defendant has committed a new felony, new Class A misdemeanor, zero tolerance violation as defined by the department of correction community supervision sanction matrix, or absconding."  T.C.A. § 40-35-311 (e)(2) (2021).  Technical violations include any "act that violates the terms or conditions of probation but does not constitute a new felony, new Class A misdemeanor, zero tolerance violation as defined by the department of correction community supervision

_____

[4] Multiple changes were made to both statutory sections effective July 1, 2021.  *See* Tenn. Code Ann. §§ 40-35-310 to -311 (2021).

- 4 -

sanction matrix, or absconding." T.C.A. § 40-35-311 (d)(3) (2021).  For a first technical violation, a trial court may (1) revoke probation and impose a term of incarceration not to exceed 15 days or (2) resentence the defendant for the remainder of the unexpired term to a probationary sentence that includes a requirement to participate in a community-based alternative to incarceration.  T.C.A. § 40-35-311 (e) (2021).

In *State v. Dagnan*, 641 S.W.3d 751 (Tenn. 2022), which was issued on March 4, 2022, a little more than a month after the revocation hearing in this case, the Tennessee Supreme Court concluded that probation revocation requires a two-step consideration by the trial court.  First, the trial court determines whether a preponderance of the evidence exists to revoke a defendant's probation.  *Id.,* 641 S.W.3d at 757, n.4.  Should the trial court find that a defendant has violated his probation, the trial court then determines the appropriate consequence for the revocation.  *Id.* at 757.  Trial courts are not required to hold an additional hearing to determine the proper consequence for a revocation.  *Id.* However, "[s]imply recognizing that sufficient evidence exist[s] to find that a violation occurred does not satisfy [the two-step consideration]." *Id.* at 758.

"On appeal from a trial court's decision revoking a defendant's probation, the standard of review is abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *Dagnan*, 641 S.W.3d at 759.  When the trial court fails to place its reasons on the record, unless the defendant admits to the violation, the reviewing court may either conduct a *de novo* review if the record is sufficiently developed for the court to do so, or remand the case to the trial court to make findings.  *Id.* (citing *State v. King,* 432 S.W.3d 316, 327-28 (Tenn. 2014)); *see also State v. Arthur M. Stewart,* No. M2021-00595-CCA-R3-CD, 2022 WL 1236982, at *3 (Tenn. Crim. App. Apr. 27, 2022) *no perm. app. filed*.  Although the trial court in this case did not make sufficient findings to support the revocation of Defendant's probation in accordance with *Dagnan*, Defendant admitted to the violations.  Furthermore, a *de novo* review supports the finding by a preponderance of the evidence that defendant violated his probation.

Defendant argues that the proof at the revocation hearing was only sufficient to show that he committed a first technical violation in his felony case by not reporting his new arrest in Davidson County for simple possession of methamphetamine to his probation officer, and therefore, the trial court erred in fully revoking his probation and ordering him to serve his sentence.

While he agrees that a conviction for simple possession of methamphetamine is a Class A misdemeanor, a non-technical violation which could result in full revocation, Defendant contends that the State did not present any proof that he committed the offense or that he was ever convicted of the offense.  However, the record shows that Defendant essentially admitted at the revocation hearing that he committed the offense.  His contention was that the case was dismissed in exchange for his participation and

completion of the drug court program; he did not deny committing the offense. Defendant's admission alone constitutes substantial evidence to support revocation. *See State v. Ross Pruitt*, No. E2015-01494-CCA-R3-CD, 2016 WL 3342356, at *4 (Tenn. Crim. App. June 8, 2016) ("[t]he Defendant's admission that he violated the terms of his probation, alone constitutes substantial evidence to support the revocation"). Additionally, the State disputed Defendant's claim that the case was dismissed and provided the trial court with information that Defendant had been convicted of the offense on November 9, 2021, and that the charges had not been dismissed. Although the conviction was not admitted as evidence at the revocation hearing, Defendant admitted that "part of my conditions [in the Davidson County charges] were completing the drug court program and they were dismissing the, all of the charges. And I completed it, you know what I mean?" When pressed by the trial court about whether the charges had been dismissed, Defendant responded, "I mean, I don't know what that says. I don't, I don't, you can – [.]" The trial court found Defendant not to be credible and revoked Defendant's probation. We note that the trial court did not rely upon the "mere fact of an arrest" or pending charges to justify the revocation of Defendant's felony probation. *State v. Harkins*, 811 S.W.2d 79, 81 (Tenn. 1991).

Turning our attention to the trial court's reasoning for ordering incarceration as a consequence of revocation, after *de novo* review, the record supports the trial court's determination. Defendant admitted that he failed to report his arrest for simple possession of methamphetamine in Davidson County to Officer Langdon, and he did not dispute at the revocation hearing that he committed the offense. Moreover, the evidence at the revocation hearing showed that Defendant had violated his misdemeanor probation on three occasions, and after two of those violations, Defendant was reinstated to probation after serving time incarcerated. Further, the trial court had previously admonished Defendant that his third chance on his misdemeanor probation would be his last. These facts indicate that measures less restrictive than confinement were unsuccessful for Defendant and reflect poorly on Defendant's potential for rehabilitation. *See* T.C.A. § 40-35-103(1)(C) and (5). Furthermore, this court has repeatedly held that "an accused, already on [a suspended sentence], is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Dannie Brumfield*, No. M2015-01940-CCA-R3-CD, 2016 WL 4251178, at *3 (Tenn. Crim. App. Aug. 10, 2016) (quoting *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999)); *see also State v. Timothy A. Johnson*, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002).

Based on our *de novo* review, we conclude that the record supports the trial court's revocation of Defendant's felony probation and imposition of the original sentence. Defendant is not entitled to relief.

**Conclusion**

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JILL BARTEE AYERS, JUDGE